UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronald Bernard Jones,<br>*a.k.a. Ronald B. Jones*, | ) | C/A No. 6:10-1570-DCN-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| Sheriff H. Wayne Dewitt; | ) | |
| Capt. McElvogue; | ) | |
| Sgt. Jacumin; | ) | |
| 1 Sgt. Habershan; | ) | |
| R.N. Ms. Paula Brodie; | ) | |
| Individual and Professional Capacity, Each | ) | |
| Defendant Above, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, Ronald Bernard Jones (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint concerns events which transpired at the Hill-Finklea Detention Center ("HFDC"), and names various HFDC employees as Defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted as to Defendants McElvogue, Jacumin, and Habershan. The complaint should be dismissed as a duplicate filing in regards to Defendants DeWitt and Brodie.[3]

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[3] It is noted that Plaintiff provided service documents for an additional individual, Lt. Riley. However, as Lt. Riley is not mentioned anywhere in the complaint, or attachments thereto, this individual has not been listed as a defendant on the Court's docket.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

### Background

In the instant case, Plaintiff states that he entered the Hill-Finklea Detention Center ("HFDC") on June 27, 2008. *See* Plaintiff's Memorandum in Support, Entry 1-1, page 1. Plaintiff alleges overcrowding both in an initial holding cell and in the general population cell where he was later placed. *Id.* Plaintiff further alleges that the shower and sleeping areas have "black mold" caused by leaking pipes and rotten plywood. *Id.* Plaintiff also complains of an infestation of ants and unsanitary conditions at the HFDC due to a lack of cleaning supplies. *Id.* at page 2. Plaintiff

states that, on November 12, 2009, cleaning supplies were not issued and "the Guys in B-1" refused to return to their cell. *Id.* Defendant Habershan "came to talk with B-1 to discussed [sic] the cleaning supplies situation. After this day the room was put on lockdown for two weeks because Guys only wanted cleaning supplies." *Id.*

Shortly after arriving at the HFDC, Plaintiff allegedly informed medical staff and Defendant R.N. Paula Brodie of his blood pressure condition. *Id.* at 3. Plaintiff further states that the HFDC was informed by "Dr. Kunkle['s]" dental office that Plaintiff needed to be put on medication. *Id.* However, Defendant Brodie allegedly told Plaintiff that his family would have to provide any blood pressure medication Plaintiff needed. *Id.* Plaintiff claims that Defendant Brodie does not care about the inmates at the HFDC, *Id.*, and that inmates with "Staph infections" are not segregated from the general population. *Id.* at 4. Thus, Plaintiff had to sleep next to an inmate with an open wound for an unspecified period. *Id.* Plaintiff alleges Defendant Brodie's "negligence" is responsible for this situation. *Id.*

Plaintiff also complains that: (1) there is no grievance system at the HFDC; (2) inmate mail is mishandled; (3) the "emergency call" is non-operational; and (4) that HFDC officers give out medications without a "license to do so." *Id.* Finally, Plaintiff's pleading alleges that there is no weekend emergency clinic at the HFDC and that Plaintiff has been given incorrect medication on unspecified dates. *Id.* at 5.

Defendant Capt. McElvogue is listed in the caption of Plaintiff's complaint, but is not mentioned elsewhere in the complaint, or attachments thereto. Plaintiff also fails to discuss Defendant Sgt. Jacumin outside of the caption of Plaintiff's complaint or memorandum in support of the complaint. However, a document entitled "voluntary statement," attached to the complaint, indicates that Plaintiff was involved in an altercation with other inmates on April 28, 2010. *See* Entry 1-2, pages 1-4. Plaintiff alleges that he was a victim of lynching on that date, however, he

was also charged as a participant in the fight. *Id.* Plaintiff states "Sgt. Jacumin told me because there are numerous of statement, he has to charge me too." *Id.* at 4. Plaintiff allegedly tried to explain what happened during the altercation to Defendant Jacumin, who "did nothing" about the information Plaintiff provided. *Id.* at 5. Plaintiff seeks monetary damages for the Defendants' actions. *See* Complaint, Entry No. 1, page 3.

## Discussion

The instant complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the Plaintiff has previously brought an action in this District Court under § 1983, seeking damages, which involves some of the same Defendants and asserts nearly identical allegations as the instant action. *See Ronald Bernard Jones v. Sheriff H. Wayne DeWitt*, Civil Action No. 6:09-3011-DCN-KFM (D.S.C.). A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). This Court takes judicial notice of Civil Action No. (C/A No.) 6:09-3011-DCN-KFM (also referred to herein as "Plaintiff's prior case.")

Plaintiff's prior case, which is currently pending, was received by the Court and docketed on November 19, 2009. As in the instant action, the complaint in Plaintiff's prior case names Sheriff Wayne DeWitt as a Defendant and alleges that the HFDC was: (1) overcrowded; (2) unsanitary; (3) lacked a grievance system; (4) lacked an operational emergency call button; (5) mishandled mail; (6) and failed to isolate inmates with staph infections from the general population. *See* 09-3011, Complaint, pages 3-4. Plaintiff's previous case also states that Plaintiff was booked into the HFDC on June 27, 2008, and that the detention center was infested with ants. *See* 09-3011, Entry No. 23, page 2. The previous pleadings further allege: (1) rotten plywood/black mold in the showers and sleeping areas; (2) HFDC officers giving inmates medication without a "license"; (3) inmates receiving incorrect medication; and (4) the HFDC's lack of weekend emergency medical care. *Id.* at 3-5.

Although not a named defendant in C/A No. 09-3011, Plaintiff's pleadings in the previous case discuss the actions of R.N. Paula Brodie that are the basis of his allegations against Nurse Brodie in the instant action. Plaintiff previously claimed that R.N. Brodie did not care about the inmates at the HFDC. *Id.* at 4. Plaintiff's previous pending case further alleged that R.N. Brodie was contacted by "Dr. Kunkle's" office about Plaintiff's medication needs, but informed Plaintiff that his family would have to provide the blood pressure medication. *See* 09-3011, Entry No. 55, pages 4-5.

A plaintiff should not be allowed to "bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts." *Ali v. Jeng*, No. 95-2485, 1996 WL 293181 at *3 (4th Cir. June 4, 1996)(affirming award of summary judgment based on collateral estoppel and res judicata). The issues in the complaint *sub judice,* as they relate to Defendants DeWitt and Brodie, are currently being addressed in C/A No. 09-3011. Therefore, this duplicate §1983 complaint should be summarily

dismissed in the interests of judicial economy and efficiency as to Defendants DeWitt and Brodie. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

Next, Plaintiff names Defendant Habershan for discussing the "cleaning supplies situation" with inmates assigned to "B-1." *See* Plaintiff's Memorandum in Support, Entry 1-1, page 2. Defendant Jacumin, although not mentioned in the instant complaint, allegedly told Plaintiff that charges had to be filed against him for a "lynching" incident on April 28, 2010, due to numerous statements made by other inmates. *See* Entry 1-2, pages 1-4. Plaintiff's "voluntary statement" also claims Defendant Jacumin "did nothing" about information Plaintiff provided regarding the lynching incident. *Id*. at 5. However, the complaint and attachments are devoid of any facts to demonstrate how the actions of Defendants Habershan and Jacumin violated the Plaintiff's constitutional rights.

The United States Supreme Court recently stated, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citations omitted). Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). Additionally, while Plaintiff is not required to plead facts sufficient to prove his case

as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). *See also U.S. v. Banks*, 370 F.2d 141, 145 (4th Cir. 1966)(finding speculative claim insufficient to support a finding of actual prejudice in case alleging constitutional violation).

Finally, Plaintiff lists Capt. McElvogue as a Defendant in this action, but provides no factual allegations against this individual elsewhere in the complaint or attachments thereto. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). As Plaintiff provides insufficient factual information to state a cognizable § 1983 claim against Defendants Habershan, Jacumin, and McElvogue, these individuals are entitled to summary dismissal from the instant action.

## Recommendation

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

July 12, 2010                                    s/Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).